IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR13-3037 |
| vs. | ORDER REGARDING DETENTION PENDING SENTENCING |
| MIKE LESTER NICHOLSON, | |
| Defendant. | |

On the 18th day of December 2013, Defendant Mike Lester Nicholson appeared, together with attorney Cory Goldensoph, and entered a plea of guilty to possession of a short-barreled shotgun. The Government was represented by Special Assistant United States Attorney Lisa C. Williams. After addressing Defendant regarding his rights, I found Defendant guilty of the offense and filed a Report, recommending that the district court accept Defendant's guilty plea. The issue now before the Court is whether Defendant's detention is mandatory pending the sentencing.

Title 18 U.S.C. § 3143(a)(2) states that if a person has been found guilty of certain offenses and is awaiting sentencing, then the judge shall order the person detained. Included in the offenses triggering mandatory detention is a "crime of violence." As applicable in this case, the issue is whether possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d), is a crime of violence for these purposes. A "crime of violence," as used in § 3143, means —

      (A)    an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
      (B)    any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the

person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109A, 110, or 117.

18 U.S.C. § 3156(a)(4). The Government concedes that subparagraphs (A) and (C) are inapplicable. Accordingly, the issue becomes whether possession of an unregistered short-barreled shotgun is a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The parties have not cited any cases which have discussed the term "crime of violence" in this context, and the Court has found none. That is, the Court has not found any case which discusses a "crime of violence" as defined in § 3156(a)(4)(B), and as applied to the post-plea mandatory detention provisions of § 3143(a)(2). However, the term "crime of violence" is defined in identical terms in the general provisions found at the beginning of Title 18. *See* 18 U.S.C. § 16(b). The term "crime of violence" is also defined in identical terms in § 924(c)(3)(B), relating to mandatory minimum sentences imposed pursuant to § 924(c)(1)(A) when a person possesses a firearm during and in relation to a drug trafficking crime or a crime of violence. Accordingly, cases interpreting §§ 16(b) and 924(c)(3)(B) are instructive in giving meaning to the term "crime of violence" in § 3156(a)(4)(B).

Before discussing the cases addressing §§ 16(b) and 924(c)(3)(B), the Court pauses to note two other provisions having some relevance to the analysis. The United States Sentencing Guidelines ("USSG") define the term "crime of violence" differently than that found in §§ 3156(a)(4), 16(b), and 924(c)(3)(B). A "crime of violence," as used in § 4B1.2(a) of the USSG means any offense punishable by imprisonment for a term of exceeding one year, that —

2

> (1)    has as an element the use, attempted use, or threatened
> use of physical force against the person of another, or
> (2)    is burglary of a dwelling, arson, or extortion, involves
> use of explosives, or otherwise involves conduct that presents
> a serious potential risk of physical injury to another.

USSG § 4B1.2(a). A nearly identical definition is used for purposes of the Armed Career Criminal Act ("ACCA") in defining a "violent felony." *See* 18 U.S.C. § 924(e)(2)(B). "The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'" *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) (quoting *United States v. Johnson*, 417 F.3d 990, 996 (8th Cir. 2005)).

In asking the Court to find that Nicholson's detention is mandatory, the Government points to the definition of "crime of violence" found in USSG § 4B1.2(a)(2). In *United States v. Allegree*, 175 F.3d 648 (8th Cir. 1999), the Court concluded that possession of a sawed-off shotgun qualifies as a "crime of violence" under § 4B1.2(a)(2). *See also United States v. Trotter*, 721 F.3d 501, 505 (8th Cir. 2013) (possession of a short-barreled shotgun is a crime of violence under the sentencing guidelines). Similarly, the Eighth Circuit Court of Appeals has held repeatedly that possession of a short-barreled shotgun falls within the residual "otherwise" clause of § 924(e)(2)(B)(ii). *United States v. Brown*, 734 F.3d 824, 827 (8th Cir. 2013); *United States v. Johnson*, 526 Fed. Appx. 708 (8th Cir. 2013); *United States v. Lillard*, 685 F.3d 773, 777 (8th Cir. 2012); *United States v. Vincent*, 575 F.3d 820, 827 (8th Cir. 2009).

Because the Eighth Circuit has concluded that possession of a short-barreled shotgun is a "crime of violence" under § 4B1.2 of the USSG and a "violent felony" under § 924(e)(2)(B) of the ACCA, the Government argues that possession of a short-barreled shotgun is also a crime of violence under § 3156(a)(4). This argument ignores the distinction between the differently-worded definitions, however, and ignores those cases

which have addressed the term "crime of violence" under §§ 16(b) and 924(c)(3)(B) —
*i.e.*, those sections which define "crime of violence" in identical terms to § 3156(a)(4).

The distinction between the two definitions is discussed at length by the Tenth
Circuit Court of Appeals in *United States v. Serafin*, 562 F.3d 1105 (10th Cir. 2009).
Serafin sold a short-barreled rifle to an undercover ATF agent, while armed with a .45-
caliber pistol. Serafin pleaded guilty to possession of an unregistered firearm (count 1) and
was convicted by a jury of possessing a firearm in furtherance of a crime of violence
(count 2). Serafin appealed his conviction on count 2, arguing that the underlying offense
(possession of an unregistered firearm) was not a "crime of violence" as defined in
§ 924(c)(3)(B). That is, the issue presented was whether possession of an unregistered
firearm, in violation of 26 U.S.C. § 5861(d), is a crime of violence.

The Tenth Circuit Court of Appeals began its analysis by noting that the crime of
violence language of § 924(c)(3)(B) tracks identical language contained in 18 U.S.C.
§ 16(b). *Id.* at 1108. While the Supreme Court has yet to interpret the crime of violence
language in § 924(c)(3)(B), it has interpreted the language in § 16(b). In *Leocal v.
Ashcroft*, 543 U.S. 1 (2004), immigration authorities sought to deport Leocal after his
conviction for drunk driving, which authorities claimed constituted a "crime of violence"
under 18 U.S.C. § 16. In concluding that drunk driving is not a crime of violence under
§ 16, the Court noted that § 16(b) "relates *not* to the general conduct or to the possibility
that harm will result from a person's conduct, but to the risk that the use of physical force
against another might be required in committing a crime." *Id.* at 10. The *Leocal* Court
emphasized that the "substantial risk" of physical force found in § 16(b) requires that it
be a risk "in the course of committing the offense." *Id.* at 11. The Court concluded that

§ 16 "suggests a category of violent, active crimes. . . ." *Id.* Drunk driving was found not to be a crime of violence under § 16(b).[1]

The Tenth Circuit in *Serafin* noted that the Supreme Court has found that the definition of a crime of violence under § 16(b) is *narrower* than that found in USSG § 4B1.2 (which is identical to § 924(e)(2)(B)). *Serafin*, 562 F.3d at 1109 (citing *Leocal*, 543 U.S. at 10). "[F]or an offense to qualify as a § 16(b) crime of violence, the risk of force must arise in the course of *committing* the crime and not merely as a *possible result.*" *Id.* (emphasis in original).

> In sum, we are persuaded that, in light of *Leocal*, our analysis must not only focus on (1) whether an offense, by its nature, raises a substantial risk of physical force being employed, but also on (2) whether the risk of force actually arises *in the course of committing the offense*, and not merely as a probable, or even possible, result.

*Serafin*, 562 F.3d at 1114 (italics in original). The Tenth Circuit concluded that a crime of violence, as defined in § 924(c)(3)(B), refers to "active, violent crimes which pose a substantial risk that force may be used during the course of the offenses." *Id.* at 1116. According to the Tenth Circuit, "[p]ossession of an unregistered weapon does not meet this test" and, therefore, possession of a short-barreled rifle is not a crime of violence. *Id.*

Other courts addressing this issue have reached similar conclusions. *See, e.g.*, *United States v. Diaz-Diaz*, 327 F.3d 410, 413-14 (5th Cir. 2003) (concluding that possession of a short-barreled firearm is not a crime of violence under § 16(b)); *United States v. Hull*, 456 F.3d 133 (3d Cir. 2006) (concluding that possession of a pipe bomb is not a crime of violence under § 16(b)); *United States v. Reyes*, 907 F. Supp. 2d 1068 (N.D. Cal. 2012) (concluding that possession of a short-barreled shotgun is not a crime

---

[1] More recently, the Supreme Court held that drunk driving is not a "violent felony" for purposes of the ACCA, as defined in § 924(e)(2)(B). *See Begay v. United States*, 553 U.S. 137 (2008).

of violence within the meaning of § 16(b)). In *United States v. Barnett*, 426 F. Supp. 2d 898 (N.D. Iowa 2006), Judge Bennett addressed the issue of whether possession of an unregistered short-barreled shotgun is a crime of violence within the meaning of § 924(c)(3). Judge Bennett concluded that it is not. *Id.* at 913 ("'In no 'ordinary or natural' sense can it be said that a person risks having to 'use' physical force against another person in the course of' merely possessing (or making or receiving) an unregistered sawed-off or short-barreled shotgun.") (quoting *Leocal*, 543 U.S. at 11).

Turning to the facts in the instant action, Nicholson has pleaded guilty to possession of an unregistered short-barreled shotgun. If the offense is a "crime of violence," as defined in 18 U.S.C. § 3156(a)(4), then his detention pending sentencing is mandatory. The definition of crime of violence found in § 3156(a)(4) is identical to that found in §§ 16(b) and 924(c)(3)(B). Accordingly, cases discussing a "crime of violence" under those sections are most persuasive. The Eighth Circuit cases which discuss "crime of violence" and "violent crime" under USSG § 4B1.2(a) and 18 U.S.C. § 924(e)(2)(B) — which have a different definition than the one applicable here — are inapposite.

Absent any Eighth Circuit authority on point, the Court finds the Tenth Circuit's analysis in *Serafin* to be persuasive. In a case involving § 924(e)(2)(B) of the Armed Career Criminal Act, the Eighth Circuit stated that "[p]ossession of a short-barreled shotgun is categorically purposeful, violent, and aggressive." *Brown*, 734 F.3d at 827. When determining whether an offense is a crime of violence under § 16(b), however, the Supreme Court emphasized that there must be a "substantial risk" that physical force may be used "in the course of committing the offense." *Leocal*, 543 U.S. at 11. Like the Tenth Circuit in *Serafin* and Judge Bennett in *Barnett*, I conclude that the mere possession of a short-barreled shotgun does not "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." That is, possession of an unregistered short-barreled shotgun does not meet

6

the statutory definition found in § 3156(a)(4). While it may seem at first blush to be an anomalous result, the Court concludes that possession of an unregistered short-barreled shotgun is a "crime of violence" for purposes of § 4B1.2(a) of the USSG and is a "violent felony" under § 924(e)(2)(B) of the ACCA, but is *not* a crime of violence under §§ 16, 924(c)(3), or — importantly to this case — 3156(a)(4).[2] Accordingly, the mandatory detention provisions found in § 3143(a)(2) are inapplicable to Nicholson.

While Nicholson is not subject to mandatory detention under § 3143(a)(2), his detention following a guilty plea is governed by § 3143(a)(1). Specifically, the court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). Unlike an initial detention hearing, where the government has the burden of proving that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, 18 U.S.C. § 3142(e)(1), after a defendant has been found guilty the burden shifts to the defendant to establish by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release." The Court finds that this matter should be set for hearing to give Defendant an opportunity to satisfy the requirements of § 3143(a)(1).

---

[2] Defendant notes that in an initial detention hearing, the Court in *United States v. Sloan*, 820 F. Supp. 1133 (S.D. Ind. 1993), found that possession of a short-barreled shotgun is a crime of violence under § 3156(a)(4). *United States v. Aiken*, 775 F. Supp. 855 (D. Md. 1991) — cited by the Government — was also decided before *Leocal*. The other case cited by the Government — *United States v. Thuenick*, 2008 WL 2795878 (E.D. Mich. 2008) — relies on pre-*Leocal* cases, does not discuss *Leocal*, and is unpersuasive.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Court concludes that possession of an unregistered short-barreled shotgun is not a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4). Accordingly, the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) are inapplicable.

2.      This matter shall come on for hearing on the **24th day of December 2013** at **11:00 a.m.** at the United States District Courthouse, Courtroom 3, 4th Floor, 111 7th Avenue SE, Cedar Rapids, Iowa. At that time, the Court will determine whether Defendant is entitled to release pending sentencing, pursuant to 18 U.S.C. § 3143(a)(1).

DATED this 23rd day of December, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA